JOHN V. FARWELL, JR., v. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY.

FILED NOVEMBER 18, 1897. No. 7505.

1. **Instructions: NEW TRIAL: ASSIGNMENTS OF ERROR.** If there are no assignments of error, in the motion for a new trial, of the giving of certain instructions, objections to such instructions will not be reviewed in the supreme court.

2. **Eminent Domain: CITY LOTS: DAMAGES: EVIDENCE.** In condemnation proceedings it appeared that the real estate involved consisted of lots so located in the city that they were mainly suitable for residence purposes; and further, they were low ground, and to make them entirely fit for "residence lots" it would be necessary to fill them with earth to grade. *Held*, That the amount of expense which would necessarily be incurred in filling the lots to grade and thus fitting them for a useful purpose was a proper subject of inquiry on the trial.

ERROR from the district court of Lancaster county. Tried below before HALL, J.  *Reversed.*

*Cornish & Lamb,* and *Tibbets, Morey & Ferris,* for plaintiff in error.

*L. W. Billingsley* and *R. J. Greene, contra.*

HARRISON, J.

During the month of March, 1892, the railroad company, defendant in error herein, instituted condemnation proceedings in the county court of Lancaster county, whereby it sought to have appraised and to appropriate to its use certain lots situate in the city of Lincoln and which belonged to the plaintiff. The appraisers appointed assessed the plaintiff's damages at the sum of $2,200. From this determination of the matters involved, the plaintiff appealed to the district court, where in a trial to the court and a jury he was accorded a verdict and judgment in a like amount. He presents the case to this court for review.

It is urged that certain stated instructions of the court to the jury were erroneous. There was no assignment of error in relation to either of the instructions to which reference is made in the brief, in the motion for a new trial; hence, the alleged errors cannot be reviewed here. (*Schreckengast v. Ealy,* 16 Neb., 510; *Omaha, N. & B. H. R. Co. v. O'Donnell,* 22 Neb., 475.)

It was of the evidence introduced on the part of the company that these lots in question were not business lots and must, by reason of their location, be classed as residence lots; and that where they were situated the ground was low, and, for residence purposes, it would be necessary to deposit on the surface some three or four feet of earth and thus fill them up to grade,—to the level of the residence lots generally in that portion of the city. This evidence tended very strongly to show that by reason

of the condition of the lots to which the witnesses referred their values were much depreciated. Some witnesses stated that in estimating the values they considered the cost of the necessary filling of the lots. On rebuttal the plaintiff in error offered, through a witness then testifying, to show what would be the cost of the filling the lots to grade, and an objection of the company to the question asked was sustained; also to the offer of evidence on the subject. These rulings and the resultant exclusion of evidence are assigned as errors. "In the trial of condemnation cases by a court or jury, the general rules of evidence apply, except as modified by the statute under which the proceedings are had." "It may be stated as a general rule that any evidence is competent which tends to prove or disprove the matters at issue. In nearly all condemnation proceedings the only matter at issue is the amount of just compensation or damages." (Lewis, Eminent Domain, secs. 430, 431.)

The opinions of the witnesses differed greatly as to the values of the lots, and some of them stated that in estimating the values they considered, with other things, what it would cost to fill the lots to grade and fit them for residence purposes, for which their location in the city made them more especially suitable. It would seem that the minds of the witnesses had naturally looked to this element of the value of the lots, and a prospective purchaser would undoubtedly have thought of it as entering into the calculation of the values, as no doubt would the owner or a real estate agent if called upon to fix the selling or market prices; hence we think that the conditions of the lots, and that to make them suitable for the market would require that they be filled with earth to the grade level, were proper subjects of inquiry by the company as matters tending to give the real estate low market values.

The idea was conveyed by portions of the evidence that to raise the lots to grade, as must be done to make them salable for residence or for almost any useful purposes,

would be quite expensive, and the plaintiff in error should have been allowed to put in evidence, as he sought to do, the amount of the expenses which would have necessarily been incurred; hence it was error, and prejudicial to the rights of plaintiff in error, to exclude the offered evidence. It follows that the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.