# Wytheville.

## CHESAPEAKE AND OHIO RAILWAY COMPANY V. MAY, AND OTHERS.

### June 14, 1917.

Absent, Burks and Sims, JJ.

1. FIRES—*Measure of Damages—Cost of Replacing Houses.*—Defendant railroad, in an action for the destruction of buildings by fire, requested the court to instruct the jury that the measure of damages for houses destroyed by fire was "the value of such houses at the time and place of destruction, and that the cost of replacing the houses is not the proper measure of damages in such case and should not be considered by the jury in estimating damages." The court substituted for the language after the word "destruction," "and the cost of replacing the houses is not by itself the proper measure of damages in such case but should be considered by the jury in estimating damages."

   *Held:* That this modification did not constitute prejudicial error, if error at all.

2. FIRES—*Measure of Damages—Personal Property.*—In such an action defendant requested the court to instruct the jury that the measure of damages for personal property destroyed was the market value of such property. The court modified the instruction by substituting the words "proven value" for "market value."

   *Held:* No error, it not appearing that there was any market value for the property, and the evidence of the plaintiffs establishing the proven value being practically unchallenged by the evidence on behalf of the defendant.

3. FIRES—*Damages—Evidence of Adaptability of Property Destroyed for a Particular Use.*—In an action for the destruction of property by fire, evidence is admissible as to the location of the property destroyed with reference to its adaptability for school and other purposes. The measure of damages is the market value of the property at the place where it is located; and if the uses to which it had been devoted and for which it was available, together with its location, tended to

increase its market value, there is no rule of law or reason why these elements of value should be excluded from the consideration of the jury.

4. FIRES—*Damages—Evidence of Sentimental Value.*—The rights of the defendant were safe-guarded with respect to the evidence of plaintiff attaching a sentimental value to two portraits destroyed by fire, where the court instructed the jury that in estimating damages, they could not take into consideration any sentimental value attached to the property by its owners.

5. FIRES—*Damages—Conflicting Instructions.*—The court instructed the jury that in ascertaining the value of the family portraits, wearing apparel, and other articles mentioned in plaintiffs' bill of particulars, which had a peculiar value to plaintiffs, they must determine from all of the evidence what was the reasonable monetary value of such property taking into consideration the cost thereof, the possibility of replacing the same, the cost of replacing the same, where possible, and the plaintiffs' relation to such property and fix such proven value as will fairly compensate plaintiffs for the loss thereof.

*Held:* That this instruction was not in conflict with the previous instruction that the jury should not take into consideration any sentimental value attached to the property by its owners.

6. HEARSAY EVIDENCE—*Expert and Opinion Evidence—Memorandum.*—In an action for the destruction of property by fire, exception was taken to the introduction of certain plans of the dwelling house by the plaintiff, because made by an expert, from information derived from plaintiff. The plans were not relied on as possessing any probative value, but were merely employed by way of illustration by the opinion witnesses; and besides, the opinions of the experts were shown to have been predicated upon the truth of plaintiff's testimony.

*Held:* That there was no force in the exception.

7. WITNESSES—*Memorandum.*—Plaintiff, in testifying to the value of the personal property, used an inventory of the articles destroyed. This inventory was prepared in part from information derived from other persons. As the inventory was not introduced or relied on as evidence, but was used as a memorandum by the witness while testifying before the jury, an exception to its use was without merit.

8. APPEAL AND ERROR—*Harmless Error—Introduction of Evidence.*—Many years prior to the fire plaintiffs had the complete equitable title to the property destroyed. Defendant excepted to the introduction of a deed to plaintiffs made after the action was brought.

*Held:* That the action of the beneficial owner to recover damages for injury to the property by fire could have been maintained as well without the deed as with it. So that, even if the deed was erroneously admitted, the error was harmless.

9. CONSTITUTIONAL LAW—*Construction of Act by Court.*—The constitutionality of a statute cannot be made to depend upon the construction put upon it by the court. If an act be constitutional upon its face, it cannot be made unconstitutional by an erroneous interpretation or an improper application of it by the court.

10. INSTRUCTIONS—*Not Based on Evidence.*—The trial court is warranted in refusing to give an instruction, where there is no evidence upon which to base it.

11. FIRES—*Damages.*—In an action for property destroyed by fire, the jury may consider separately damages for the destruction of the buildings from damages to the freehold.

12. FIRES—*Weight and Sufficiency of Evidence.*—Where the circumstances justify the jury in finding that the fire was set out by the defendant's engine, greater particularity of proof is not required.

13. FIRES—*Constitutional Law.*—The Act of the General Assembly (Acts 1908, p. 388), declaring the liability of railroads for damages from fires occasioned by sparks or coals dropped or thrown from an engine or train, is constitutional.

Error to a judgment of the Circuit Court of Louisa county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*D. H. & Walter Leake* and *Henry Taylor, Jr.,* for the plaintiff in error.

*Leake & Buford, Gordon & Gordon, C. V. Meredith* and *J. G. May,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

This action was brought by the defendants in error against the plaintiff in error (hereinafter referred to as

plaintiffs and defendant) to recover damages for the destruction of their dwelling and out-houses and personal property and timber by fire, alleged to have originated on the defendant's right of way and to have been occasioned by sparks or coals dropped or thrown from its engine or train. The action was prosecuted primarily for the benefit of the plaintiffs, and incidentally for the Virginia Fire and Marine Insurance Company, to the extent of $1,500, and for the German-American Insurance Company of New York for the sum of $1,000.

The evidence of the three witnesses who testified to the circumstances attending the commencement of the fire warranted the finding of the jury that it was set out by a passing train of the defendant, and destroyed the property of the plaintiffs, as charged in the declaration; and the defendant introduced no evidence tending to show that it was not responsible for the origin and escape of the fire. Therefore, further discussion of that branch of the case is unnecessary.

We shall next consider the assignments of error in the order in which they are stated in the petition for the writ of error.

1. Exception was taken to the admission of evidence—

(a) Touching the cost of replacing the buildings and certain personal property destroyed, because that did not constitute the proper measure of damages.

(b) Also as to the location of the property destroyed with reference to its adaptability for school purposes and other special uses, such considerations not being proper in estimating damages.

(c) Testimony of one of the plaintiffs as to a sentimental value attached by him to certain articles of personal property destroyed, such evidence not being proper to be considered in estimating damages.

100

(d) Certain plans of the dwelling house introduced in evidence by one of the plaintiffs, it appearing that they were made by one Keenan from hearsay evidence.

(e) Evidence of the value of the dwelling house, which was hearsay.

(f) An inventory of personal property introduced by one of the plaintiffs, it appearing that it was made up in part from information derived from others.

(g) A deed to plaintiffs for sixty acres of land burned over, which was not obtained until after the bringing of the suit.

2. To giving instructions "A," "C," "D," and "E" for the plaintiffs.

3. To refusing instructions 1-a, 2, 3 and 9, for the defendant.

4. To modifying instructions 5, 6 and 8, requested by the defendant.

5. To refusing to set aside the verdict on the grounds stated above.

Paragraph (a) of assignment 1 should be considered in connection with the exception in assignment 4, to the modification of instructions 5 and 6.

Instruction 5, as requested, reads thus: "The court instructs the jury that the measure of damages for the houses destroyed * * * is the value of such houses at the time and place of destruction, and that the cost of replacing the houses is not the proper measure of damages in such case and should not be considered by the jury in estimating damages."

In the modified instruction, the court reiterates the principle as to the true measure of damages, but substitutes for the language after the word "destruction," in the original instruction, the following: "and the cost of replacing the houses is not by itself the proper measure of damages in such case but should be considered by the jury in estimating damages."

We do not perceive that this modification constitutes prejudicial error, if error at all. The jury's attention had been distinctly drawn to the true measure of damages, and the cost of replacing the destroyed buildings was only used as one of the means of enabling them to ascertain the true value of the buildings at the time and place of destruction. In point of fact, no effort was made to recover the cost of replacing the buildings, but such cost, subject to proper deduction for deterioration in value from age and use was merely intended as an aid to the jury in ascertaining the correct measure of damage in accordance with the court's instruction. In this there was no error.

These instructions are not in conflict with the cases of *Norfolk & Western Ry. Co.* v. *Bohannon,* 85 Va. 293, 7 S. E. 236, and *Norfolk & Western Ry. Co.* v. *Thomas,* 110 Va. 622, 627, 66 S. E. 817. The first holds that the measure of damages for the destruction of an orchard of fruit trees by fire is the value of the trees. Practically the same rule is laid down in the second case as to damages for a building destroyed by fire; yet neither case lays down the means by which such value may be determined.

Instruction 6, as requested, reads: "The court instructs the jury that the measure of damages for the personal property destroyed is the market value of such property at the time and place of destruction and not the cost of replacing it." The court in the modified instruction substituted for the language, "the market value," the words, "the proven value."

It does not appear that there was any market value for the articles covered by the foregoing instructions at the place of loss, which fact may have been the reason for the change of phraseology from "market value" to "proven value;" but, however that may have been, it was not shown, and does not appear, that the change operated to the prejudice of the defendant. The fact that it was not preju-

,dicial is strengthened by the circumstance that the evidence of the plaintiffs establishing the "proven value" of the property was practically unchallenged by countervailing evidence on behalf of the defendant.

Paragraph (b) of assignment 1 excepts to the admissibility of evidence as to the location of the property destroyed with reference to its adaptability for school and other purposes, such considerations not being proper in estimating damages. In the circumstances of the particular case, we think the evidence was admissible. The building had been equipped with dormitories and used as a boarding school for boys; and evidence that it was well fitted and well located for that purpose naturally and proximately tended to influence its market value. The measure of damages, admittedly, is the market value of the property at the place where it is located; and if the uses to which it had been devoted and for which it was available, together with its location, tended to increase its market value, we know of no rule of law or reason why these elements of value should be excluded from the consideration of the jury.

There is nothing in the cases of *Burruss* v. *Hines*, 94 Va. 413, 26 S. E. 875, and *Fowlkes* v. *Southern R. Co.*, 96 Va. 743, 32 S. E. 464, which under the facts of this case requires the exclusion of such evidence. The former case announces the settled principle that damages to be recoverable must be natural and proximate, and not speculative and remote. The latter was a personal injury case in which the damages sought to be recovered were held to be too remote.

In support of the admissibility of the foregoing evidence, see, *West Chicago St. R. Co.* v. *City of Chicago*, 172 Ill. 198, 50 N. E. 185; *Schuster* v. *Sanitary Dist. of Chicago*, 177 Ill. 626, 52 N. E. 855; *Pegler* v. *Inhabitants of Hyde Park*, 176 Mass. 101, 57 N. E. 327; *Farwell* v. *Chicago R.*

*L. & P. R. Co.,* 52 Neb. 614, 72 N. W. 1036; *Kansas City So. R. Co.* v. *Boles,* 88 Ark. 533, 115 S. W. 375; *City of Eldorado* v. *Scruggs,* 113 Ark. 239, 168 S. W. 846.

Paragraph (c) of assignment 1 excepts to the testimony of the plaintiff, John G. May, attaching a sentimental value to two portraits, because of his relation to the parties. The evidence was admitted subject to the ruling of the court upon the instructions. Instruction 7, given at the instance of the defendant, told the jury, "that in estimating damages to any of the property, real or personal, destroyed by fire in this case, they cannot take into consideration any sentimental value attached to it by the owners or any peculiar value which they may have attached to the property by reason of association or the like." This instruction safeguarded the rights of the defendant with respect to the evidence in question.

But it is further insisted that instruction "D" is in conflict with instruction 7.

Instruction "D" is as follows: "The court further instructs the jury that in ascertaining the value of the family portraits, wearing apparel, and other articles mentioned in plaintiffs' bill of particulars, which have a peculiar value to plaintiffs, they must determine from all of the evidence what is the reasonable monetary value of such property taking into consideration the cost thereof, the possibility of replacing the same, the cost of replacing the same, where possible, and the plaintiffs' relation to such property and fix such proven value as will fairly compensate plaintiffs for the loss thereof, if they believe from the evidence that the fire which consumed these articles was put out by the engine or engines, or train or trains, of the defendant company, and spread from the right of way of the said company to the lands of the plaintiff, and consumed the same."

We do not think that instruction "D" conflicts with the principle announced in instruction 7. In instruction 7 the

court distinctly told the jury that they could "not take into consideration any sentimental value," and instruction "D" tells them they must allow "a reasonable value." The articles possessing no market value, instruction "D" proceeds to inform the jury what elements they may consider in determining the reasonable money value of the property, and the instruction in that respect conforms to the authorities on the subject. *Green* v. *Railroad Co.*, 128 Mass. 221, 35 Am. Rep. 370; *St. Louis, I. M. & S. Ry. Co.* v. *Green*, 44 Tex. Civ. App. 13, 97 S. W. 531; *International, &c. Ry. Co.* v. *Nicholson*, 61 Tex. 550; *Denver, &c. R. Co.* v. *Frame*, 6 Col. 385; *Bateman* v. *Ryder*, 106 Tenn. 712, 64 S. W. 48, 82 Am. St. Rep. 910; Hale on Damages, sec. 277.

Paragraphs (d) and (e) of assignment 1 except to the introduction of certain plans of the dwelling house, introduced in evidence by the plaintiff, John G. May, because made by Keenan, an expert builder, from information derived from May; and, therefore, his opinion as to the value of the building was based on hearsay evidence.

It is sufficient to say of this objection that the plans were not relied on as possessing any probative value in themselves, but were merely employed by way of illustration by the opinion witnesses; and, besides, the opinions of the expert witnesses are shown to have been predicated upon the truth of May's testimony as given before the jury.

Paragraph (f) of assignment 1 excepts to the use by John. G. May, in testifying to the value of the personal property, of an inventory of the articles destroyed, because prepared in part from information derived from other persons. Again, let it be remembered that the inventory was not introduced or relied on as evidence, but was used as a memorandum by the witness while testifying before the jury.

Paragraph (g) of assignment 1 excepts to the introduction of a deed to plaintiffs, made after the action was brought, to 68 acres of land burned over by the fire.

It is undisputed that for many years prior to the fire the parties had the complete equitable title to this land, though the evidence of such ownership, the deed, was obtained afterwards. The action of the real beneficial owner to recover damages for injury to the property by fire could have been maintained as well without the deed as with it. So that, even if the deed had been erroneously admitted, the error would have been harmless.

The second, third and fourth assignments of error are to the giving of instructions "A," "C," "D" and "E" for the plaintiffs, and the refusal to give instructions 1-a, 2, 3 and 9, requested by the defendant, and in modifying instructions 5, 6 and 8.

The objection to instruction "A" is that the act of the General Assembly upon which this action is based is unconstitutional.

The act is as follows: "Be it enacted by the General Assembly of Virginia, That whenever any person shall sustain damage from fire occasioned by sparks or coals dropped or thrown from the engine or train of any railroad company, such company shall be liable for the damage so sustained, whether said fire shall have originated on said company's right of way or not, and whether or not such engine is equipped with proper spark-arresting appliances, and regardless of the condition in which such appliances may be." Acts 1908, p. 388.

The contention, if we apprehend it, is not that the act is unconstitutional in itself, but that the construction placed upon it by the court in refusing instructions 1-a and 3, asked for by the defendant, renders it unconstitutional.

The Supreme Court of the United States has in two cases declared similar acts to be constitutional. See *St. Louis & San Francisco R. Co.* v. *Mathews*, 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611; *Atchison, Topeka & Santa Fe R. Co.* v. *Matthews*, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909.

We cannot assent to the proposition that the constitutionality of the statute can be made to depend upon the construction put upon it by the court. If the act be constitutional upon its face, it cannot be made unconstitutional by an erroneous interpretation or an improper application of it by the court.

The trial court was well warranted in refusing to give instructions 1-a and 3, because there was no evidence upon which to base any instruction that the fire was started by matches, cigarettes, cigars, or the like, thrown from the train by a passenger.

Instruction "A" embodies the language of the act, and plainly told the jury for what acts of the defendant it was answerable in damages.

The objection to instruction "C" is that it permitted the jury to consider separately damages for the destruction of the buildings from "damages to the freehold." This objection is answered by the opinion of this court in *N. & W. Ry. Co.* v. *Thomas,* 110 Va. 622, 66 S. E. 817. It is said in that case, at p. 627: "In 33 Cyc. pp. 1391-1392, citing numerous cases, the rule is stated as follows: 'When buildings are injured or destroyed it is ordinarily held that they are capable of a separate valuation, and that the measure of damages is the value of the property at the time of its destruction.'" Necessarily, the personal property destroyed, having no connection with the real property, had to be valued separately. The evidence as to the loss of the grove was properly directed to prove by what amount its destruction diminished the market value of the property.

The objection to instruction "D" is: "first because it invited the jury to give sentimental damages; and, second, because it was based upon the statute hereinbefore referred to as being unconstitutional * * *" The second ground of objection is also made to instruction "E." These objec-

tions have already been considered and need not be further noticed.

Instruction 2 was rightly refused. As we have seen, the circumstances justified the jury in finding that the fire was set out by the defendant's engine, and greater particularity of proof was not required. See *Patteson* v. *C. & O. Ry. Co.,* 94 Va., pp. 18-19.

The action of the court in modifying instructions 5 and 6 has also been considered.

In conclusion, we are of opinion that the case was fairly submitted to the jury on the law, and that the evidence was ample to sustain their finding.

For the foregoing reasons, the judgment is affirmed.

*Affirmed.*