# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## CHESAPEAKE AND OHIO RAILWAY COMPANY V. WARE.

### January 24, 1918.

1. FIRES—*Railroads—Allegation of Negligence.*—Under the Featherston act (Acts 1908, page 388), it is not necessary in an action for damages by fire against a railroad for the plaintiff to allege that the fire was negligently set out by the defendant, and such allegations in a declaration may be regarded as surplusage.

2. APPEAL AND ERROR—*Objections to Evidence—Evidence other than that Objected to Sufficient to Sustain Verdict.*—Where the evidence in the case, independent of testimony drawn in question by two assignments of error, was sufficient to sustain the verdict of the jury, it is unnecessary for the appellate court to pass upon the questions raised by these assignments of error.

3. FIRES—*Evidence—Evidence in Possession of Defendant—Presumption.*—In an action against a railroad company for damages from fire set out by an engine of the company, there was no direct evidence that any engine of any train of defendant passed the point where the fire originated shortly before the fire. The evidence for the plaintiff on this point was wholly circumstantial. It consisted in proving that a mail train of the defendant was, by its schedule of trains, due to pass along by such point at such time.

   *Held:* That, in view of the fact that definite evidence of the exact time at which the train passed was peculiarly within the possession of the defendant, being furnished by its record of the movement of its trains, the testimony for plaintiff furnished *prima facie* evidence of the fact that the train ran on time on the day in question, and hence passed the point of origin of the fire a short time before the fire originated. The defendant having failed to introduce any evidence to rebut the *prima facie* proof aforesaid, such proof became conclusive of the fact in question.

4. PRESUMPTIONS AND BURDEN OF PROOF—*Circumstantial Evidence—Inference from a Presumption.*—All facts which are proved in a case in the same manner as if they were the very facts in issue—that is, by evidence of logical probative value, either direct (testimonial) or circumstantial, may serve as a basis

from which further inference may be drawn. Since all facts in issue may be proved by circumstantial evidence, as well as by direct or testimonial evidence, and every fact proved by circumstantial evidence is but an inference from such evidence, where a fact is proved in a case as a fact, although by inference from circumstantial evidence, such fact may itself be taken as a basis for a new inference of fact.

5. FIRES — *Circumstantial Evidence — Inference.*—Notwithstanding that there was no direct evidence before the jury that a train had in fact passed the point of origin of the fire at or about the time of the fire in question, where such fact was established by circumstantial evidence, the jury may infer from the fact of the passage of the train at that time, in connection with other facts, that the fire was set out by the train as it passed the point of origin of the fire.

Error to a judgment of the Circuit Court of the city of Williamsburg and county of James City, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

This is an action of trespass on the case by the defendant in error (hereinafter referred to as plaintiff), against the plaintiff in error (hereinafter referred to as defendant), seeking to recover damages to certain timber on the land of plaintiff adjacent to the railroad right of way of the defendant, caused, as is alleged, by a fire set out by the defendant on the ........ day of April, 1915.

The declaration contained three counts. There was a demurrer to the declaration and to each count thereof, which was overruled by the trial court.

The allegations drawn in question by the demurrer were in substance as follows:

Each count undertook to charge both that the defendant set out the fire and that it negligently did so.

The grounds of demurrer are, in substance, that all of the counts were insufficient in that they did not charge facts from which the negligence aforesaid could be inferred.

In addition to the allegations aforesaid of negligence, the first and second counts alleged that the fire was set out by the defendant "by a spark emitted from" one of its engines, and the third count alleged that the fire was set out by the defendant "by a spark from" one of its engines. None of the grounds of demurrer challenges the sufficiency of such counts to allege the fact that the fire was set out by a spark dropped or thrown from one of defendant's engines.

There was a trial by jury; a demurrer to evidence by the defendant; and a verdict of the jury subject to such demurrer. Such demurrer was overruled by the trial court.

### THE MATERIAL FACTS, ETC.

The facts and certain material details of evidence bearing on the material questions of fact raised by the assignments of error, are as follows:

(a) Concerning the place of origin of the fire, in reference to its proximity to the railroad of the defendant:

The testimony for the plaintiff did not of itself fix the place of origin of the fire. But that testimony, when considered along with the testimony of J. C. Williamson, a witness for defendant, who after the fire examined the area burned over (which testimony is not in conflict but in accord with the evidence for the plaintiff), was sufficient to warrant the jury in finding the fact to be that the fire originated on the north side of the railroad (on the same side of it as plaintiff's said land), either upon plaintiff's land or upon a small point of timbered land of a neighbor of his adjacent to the railroad and to plaintiff's land, and

at a place sufficiently close to the railroad for it to have been set out by a spark from one of the locomotive engines of the defendant.

(b) Concerning the question of fact whether a locomotive engine of the defendant, drawing its mail train, passed along by the point of origin of the fire a short time before it originated:

There was no direct evidence in the case that any engine of any train of defendant passed said point at the time in question. The evidence for the plaintiff on this subject was wholly circumstantial. It consisted in proving that a mail train of the defendant was, by its schedule of trains, due to pass along by such point at such time. The direct evidence on this point may be best illustrated by extracts from the testimony of the plaintiff's witnesses on the subject as follows:

One of such witnesses testified:

"Q. Had any trains of the C. & O. passed by there at any time—close to that time, before that?

"A. I didn't notice any trains, but I think there is some scheduled about that time."

The other witness for plaintiff on this subject, who noticed the fire somewhat later than the former witness, testified: .

"Q. Do you know of any train that had passed there?

"A. I never took any notice of it. I live right there and they pass and repass and I don't take any notice of them, but it was a 11 o'clock train that would have gone by some time when I saw the fire.

"Q. The 11 o'clock train had gone by some time?

"A. Yes, sir.

"Q. The 11 o'clock train is what train?

"A. That is a mail train, a fast train. Somewhere around about 11 o'clock. We always call it the 11 o'clock train."

32

The defendant introduced no evidence on the subject of whether the train in question passed said point at the time in question.

(a) Concerning the question of fact whether there was any other causal agency for the origin of the fire than a spark from the engine of said mail train of defendant:

There is no evidence in the case of any other cause of the fire other than that tending to show that it was set out by a spark thrown from the engine of said mail train of defendant.

*S. O. Bland, R. G. Bickford* and *Henry Taylor, Jr.,* for the plaintiff in error.

*Frank Armistead* and *Ashton Dovell,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the opinion of the court.

1. In regard to the position taken by the demurrer, mentioned in the above statement, that the declaration was insufficient in its charges of negligence in the respective counts thereof, the following is deemed sufficient to say:

Since, under the Featherston act (Acts 1908, p. 388), it was not necessary for the plaintiff to have alleged that the fire was negligently set out by the defendant (*N. & W. Ry. Co.* v. *Spates,* 94 S. E. 195), the allegations of such negligence drawn in question by the demurrer may be regarded as surplusage. Therefore, it is unnecessary for us to inquire whether such allegations were sufficient allegations of such negligence. Further, as the demurrer does not challenge the sufficiency of the declaration to allege the setting out of the fire under the Featherston act, that question is not raised by the demurrer, and it is unnecessary for us to consider that question.

We, therefore, find no error in the action of the trial court in overruling the demurrer.

2. There are two assignments of error raising important and interesting questions arising from the action of the trial court in permitting certain testimony to be introduced before the jury by the plaintiff, over the objections of the defendant, relied on by the former as evidencing an express admission, and admissions by conduct of the latter, of its liability. In the view we take of the case, however, as hereinafter set out, we consider that the evidence in the case for plaintiff, independent of the testimony drawn in question by the two assignments of error here referred to, was sufficient to sustain the verdict of the jury. Therefore it is unnecessary for us to pass upon the questions raised by such assignments of error.

3. In addition to the material facts above stated, it should be added, perhaps, for a better understanding of the instant case, that the fire was first discovered by a witness who was about three-fourths of a mile therefrom at the time he discovered it; that this witness first observed a "tremendous smoke" and got to the fire as quickly as he could afoot and found the fire burning on plaintiff's land about 150 or 200 yards from the right of way of defendant; that the fire was then coming from the direction of such right of way, going with the wind, which was at the time blowing from said right of way towards plaintiff's land; and that witness gave it as his opinion (unobjected to) that he did not think the fire had been burning ten minutes when he saw it.

These facts taken in connection with the facts stated in paragraphs (a) and (c) of the statement of material facts above (which are, in substance, that the fire originated sufficiently close to the railroad for it to have been set out by a spark from the engine of the mail train of defendant above referred to, and that there was no evidence in the

case of any other cause of the fire), bring this case within the holdings of this court in *C. & O. Ry. Co.* v. *May*, 120 Va. 790, 92 S. E. 801, and *Atlantic, etc., R. Co.* v. *Watkins*, 104 Va. 154, 51 S. E. 172, to the effect that the circumstances attending the commencement of the fire warranted the jury in finding that the fire was set out by said passing train of the defendant, as charged in the declaration, *if* the evidence set out in paragraph (b) of the statement of facts and evidence above was sufficient to warrant the jury in *inferring*, and thus finding, it to be a fact that such train did pass along by the point of origin of the fire a short time before the fire originated. Therefore, the turning point in the case, upon the issue of fact as to whether the defendant set out the fire as charged in the declaration, is the question,—

4. Was the evidence set out in paragraph (b) above sufficient to warrant the jury in inferring, and thus finding, it to be *a fact*, that said train did pass along by the point of origin of the fire a short time before the fire originated?

Upon this question two positions are taken for the defendant. They are, in effect, as follows:

(1) That the evidence set forth in said paragraph (b) is insufficient to warrant the jury in making the inference of fact that the train did pass along as aforesaid at the time in question; that the scheduled time of the train proves nothing; that it may have been on time or it may have been late. It may have passed at or about the time in question or three hours afterwards or not at all that day. That the evidence wholly fails to show these facts and leaves the question at issue open to mere surmise and conjecture.

(2) That there being no direct evidence before the jury that the train did in fact pass at or about the time in question, the most that can be said to sustain the verdict of the jury in this particular is that the jury might have inferred or presumed from the circumstantial evidence before them

that the train did so pass. That was an inference or presumption and that the jury could not upon this inference or presumption base another inference that the fire was set out by this train as it passed the point of origin of the fire.

As to the first (1) position taken for defendant above mentioned:

The testimony for plaintiff as to the time of passing of the train tended to prove such time and was as definite evidence as the plaintiff could produce on this point, without resorting to calling the defendant itself, through its agents or records, to testify in the case. The plaintiff's witnesses on the subject, living as they did close by the railroad, and having grown accustomed to the passing of trains, were naturally, as a rule, unconscious of their passing, and so could not be expected to testify with more definiteness than they did on that subject. In this situation, and in view of the fact that definite evidence of the exact time at which the train passed was peculiarly within the possession of the defendant, being furnished by its record of the movement of its trains, the testimony for plaintiff furnished *prima facie* evidence of the fact that the train ran on time on the day in question, and hence passed the point of origin of the fire a short time before the fire originated. The defendant having failed to introduce any evidence to rebut the *prima facie* proof aforesaid, such proof became conclusive of the fact in question. 1 Wigmore on Ev., section 285, and authorities cited.

As quoted by the learned author of the work last cited, Lord Mansfield, C. J., said in *Blatch* v. *Archer*, Cowp. 66: "It is certainly a maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted." And as also quoted by the same learned author above referred to, Best, J., speaking of a

presumption of fact arising from evidence introduced by one party, which evidence is in itself inconclusive, said in *R.* v. *Burdett*, 4 B. & Ald. 122: "If the opposite party has it in his power to rebut it by evidence, and yet offers none, then we have something like an admission that the presumption is just."

As to the second (2) position for defendant, above mentioned:

The rule that "an inference cannot be based upon a presumption," or, what is the same rule, that "an inference cannot be based upon an inference," is invoked as fatal to the plaintiff's case. It is urged with much ability and force by counsel for defendant that, in the consideration of circumstantial evidence, an inference cannot be based upon an inference or presumption. That an inference or presumption cannot form the basis of fact from which another inference of fact may be drawn. That at most, in the instant case, all that can be said is that the jury were warranted in drawing the inference or presumption that the train passed as aforesaid. That there is no *direct* proof of it as a fact. That only from facts which have been proved by *direct evidence* can the jury properly draw an inference of fact. Hence, the jury could not use this inference or presumption that the train passed as aforesaid as an intermediate fact from which to make a second inference that the fire originated from the train.

We are cited on this point only to the cases of *C. & O. Ry. Co.* v. *Heath*, 103 Va. 64, 48 S. E. 508, and *N. & W. Ry. Co.* v. *Cromer*, 99 Va. 763, 40 S. E. 54. The statement in these cases of the rule invoked is this: "An inference cannot be drawn from a presumption, but must be founded upon some fact legally established." The latter case quotes this rule from Bailey on Personal Injuries (1st ed.), section 1675.

The rule referred to is firmly established and is a correct and wise rule when correctly applied.

Referring to the rule that an inference cannot be drawn from an inference or presumption, McCabe, J., in delivering the opinion of the court in *Hinshaw* v. *State,* 147 Ind. 334, at p. 363, 47 N. E. 157, 166, says: "There is an important exception to that rule however. *A fact* in the nature of an inference may itself be taken as the basis of a new inference, whether intermediate or final, provided the first inference has the required basis of *a proved fact.* Burrill Civ. Ev., p. 138; Best on Pres., section 187; 1 Greenl. Ev., section 34." (Italics supplied.) Reference to the authorities cited by Bailey on Personal Injuries, *supra,* and to the two Virginia cases cited, *supra,* makes it clear that the presumption or inference referred to in the rule in question is a presumption or inference which may and often should be drawn but which in the case in which the rule in question is applied is not *a proved fact.* If the inference or presumption is based on such evidence that it may be regarded as *a fact proved* in the case, then, although the evidence on which it is based may be circumstantial evidence, such inference or presumption of fact may itself form the basis for another inference of fact, equally as if it had been proved by direct evidence. I Wigmore on Ev., section 41.

The last cited learned author dealing with the rule under consideration unqualified by the exception above referred to, says:

"It was once suggested that an 'inference upon an inference' will not be permitted, *i. e.,* a fact desired to be used circumstantially must itself be established by testimonial" (direct) "evidence; and this suggestion has been repeated by a few courts and sometimes actually enforced. There is no such rule, nor can be. If there were, hardly a single trial could be adequately prosecuted. * * * All departments of reasoning, all scientific work, every day's life, and

every day's trials, proceed upon such data. The judicial utterances that sanction the fallacious and impractical limitation, originally put forward without authority, must be taken as valid only for the particular evidentiary facts therein relied upon."

It should be noted that an examination of all of the cases cited by the learned author last quoted to that portion of the text above set forth which alludes to the unqualified rule that "an inference upon an inference" has been repeated by a few courts and sometimes actually enforced, discloses that all of such cases which repeat and those which enforce the rule mentioned, either contain a quotation from Starkie Ev., section 57, or refer to cases which do contain that quotation. The latter quotation is as follows: "In the first place, as the very foundation of indirect proof in the establishment of one or more facts from which the inference is sought to be made, the law requires that the latter should be established by *direct* evidence, in the same manner as if they were the very facts in issue." Here seems to be the source, so far as we have discovered it, of the misconception which has arisen in the few cases where the rule has been enforced unqualifiedly, referred to by Mr. Wigmore. The word *"direct"* is underscored in the quotation from Starkie on Evidence as found in one of the earliest cases we have examined containing it. We have not had access to the edition of Starkie on Evidence containing this language. Mr. Wigmore cites the edition of 1824. The text of Mr. Starkie, quoted as aforesaid, is undoubtedly misleading. But the text itself, upon a careful reading of it, discloses that the *direct* evidence therein referred to is not *direct evidence* in the usual (but as Mr. Wigmore says in the incorrect) meaning with which that phraseology is used, distinguishing such evidence from circumstantial evidence. (Mr. Wigmore avoids this confusion by designating the former evidence as *"testimonial* evidence"). The concluding portion of the

text quoted from Mr. Starkie shows, however, that he means to say that all facts which are proved in a case "in the same manner as if they were the very facts in issue" (that is, by evidence of logical probative value, either direct [testimonial] or circumstantial) may serve as the basis from which further inference of fact may be drawn. This, as we have seen, is the true rule and is in accord with the great weight of authority. And since all "facts in issue" may be proved by *circumstantial* evidence, as well as by *direct* or testimonial evidence, and every fact proved by circumstantial evidence is but an inference from such evidence, Mr. Starkie in truth says that where a fact is proved in a case *as a fact,* although by inference from circumstantial evidence, such *fact* may itself be taken as the basis for a new inference of fact.

Indeed, when we consider the rule as stated by Bailey on Personal Injuries—*i. e.,* "An inference cannot be drawn from a presumption, but must be founded upon some fact legally established"—we see that the concluding portion of the sentence carries the same meaning as the quotation from Mr. Starkie when correctly understood, and as that expressed in *Hinshaw* v. *State, supra,* above set forth.

In the instant case the inference that the train passed as aforesaid, must be regarded, as aforesaid, as a proved fact; hence, although proved by circumstantial evidence, it might have properly formed (in connection with the other facts) the basis for another inference of fact by the jury, to-wit, the inference that the fire was set out by the said train as charged in the declaration.

We must conclude, therefore, that neither of the positions (1) or (2) above mentioned as taken for defendant, can be sustained, and the question 4 under consideration must be answered in the affirmative.

For the foregoing reasons the judgment complained of must be affirmed.

*Affirmed.*