# COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Athey and Callins
Argued at Virginia Beach, Virginia

MICHAEL TINK LANE

v.     Record No. 1363-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
NOVEMBER 9, 2022

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

Meghan Shapiro, Senior Assistant Public Defender (Virginia
Indigent Defense Commission, on briefs), for appellant.

Tanner M. Russo, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Following a bench trial, the Circuit Court of the City of Chesapeake convicted the appellant,

Michael Tink Lane, of possession of a controlled substance, in violation of Code § 18.2-250,

misdemeanor possession of drug paraphernalia, in violation of Code § 54.1-3466, and felony failure

to appear, in violation of Code § 19.2-128. The circuit court sentenced Lane to a total of ten years

and twelve months' incarceration, with eight years and twelve months suspended. On appeal, Lane

contends that the evidence was insufficient to sustain his conviction for possession of a controlled

substance and that the circuit court abused its discretion in imposing a sentence totaling ten years

and twelve months.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On December 18, 2018, Officer Marquis Sivels observed a maroon Pontiac sedan traveling with expired registration stickers and four people inside of it. Officer Sivels initiated a traffic stop. The vehicle dodged in and out of traffic before stopping in a parking lot, at which point its driver, later identified as Derrick Culpepper, took off running. Officer Sivels chased after Culpepper on foot, leaving the other occupants of the Pontiac unattended.

Jonathan Vose, a civilian on his lunch break, pulled into the parking lot right behind the police car with flashing lights. Vose observed Officer Sivels chase after Culpepper, and then turned his car to face toward the Pontiac. Vose saw the remaining occupants of the Pontiac exit the vehicle. Alexander Dennos, the driver-side rear passenger and owner of the Pontiac, left the scene, while the second rear passenger stood by a tree. Vose later testified that after stepping out from the front passenger seat, Lane saw the police officer was gone and went into the passenger side of the vehicle and removed a couple of items. According to Vose, Lane threw one item that looked like tissue on the ground and told the only other passenger who remained at the scene, "Let's go ahead and get out of here." A few seconds later, Vose saw Lane look around, then reach into the passenger side of the vehicle again and throw another item on the ground before walking across the street. Vose noticed that when Lane reached into the vehicle the second time, "the tissue had started to come undone"; then it separated from the item it had been wrapped around as Lane walked away. When Vose moved closer to the vehicle, he was able to see that the items Lane pulled from the vehicle were the bottom part of a soda can that had been wrapped in tissue and a syringe.

Two more police cars arrived at the scene, and Officer Sivels returned with Culpepper. On the ground near the vehicle, Officer Sivels observed the bottom of a soda can that had been cut off and a hypodermic needle and syringe with liquid inside of it (hereinafter "syringe"). Officer Sivels also noticed that both items appeared to have heroin residue on them. Officer Jennifer Land

apprehended Lane at the Taco Bell across the street from the scene and brought him back to the vehicle. Lane then explained to Officer Land that after Officer Sivels initiated the traffic stop, Culpepper had "handed him the syringe and tin can and told him to throw it out the window." Lane admitted to Officer Land that he got out of the vehicle, stood for a second, then went back into the vehicle and "got the syringe and tin can" and "placed it outside the vehicle before walking away."

Lane was charged with possession of heroin and possession of drug paraphernalia. Lane did not appear for his original trial date—he was present at the circuit court on the date of trial, September 17, 2019, but left the courthouse before his case was called. He was charged with felony failure to appear and arrested on a capias on January 18, 2020. At the trial, the Commonwealth introduced testimony from Officers Sivels and Land and Vose, as well as a certificate of analysis confirming the residue on the soda can bottom was heroin.[1]

During Lane's case-in-chief, Dennos testified that he saw Culpepper throw "something" on Lane's lap after the Pontiac stopped. Lane testified that Culpepper handed him some "stuff" in a "clear baggy" to throw out the window, which Lane refused to do. Lane further testified that the item in the clear plastic baggy was "wrapped up in a bunch of tissue," that he did not know what was inside the bag, that he did not look in the bag, and that he did not take anything out of the bag. Instead, Lane stated that he "picked [the bag] up and laid it by the tree so police officers could find it" and that he "didn't want them to find out where [he] was sitting" in the vehicle or get caught with the bag. He testified, "I figured that it had to be bad. If [the driver] didn't want it, I didn't want it either." On cross-examination, Lane admitted that he has prior convictions for lying, cheating, or stealing.

After considering the evidence, noting the totality of the circumstances, the circuit court convicted Lane on all charges. During sentencing, Lane testified that in 2010 he sustained a

---

[1] The syringe was not tested.

traumatic brain injury, causing him to "make bad decisions without thinking of the consequences." The circuit court found that Lane had thirty-two felony convictions, seventeen non-traffic misdemeanors, and eleven probation violations, including some from before 2010. The circuit court also noted that this was Lane's eleventh conviction for failure to appear or contempt of court. The circuit court noted that such a criminal record "would take you to the high end of the guidelines or outside the guidelines," but the circuit court stayed within the guidelines. The circuit court sentenced Lane to five years' incarceration for possession of heroin, with five years suspended, five years' incarceration for felony failure to appear, with three years and six months suspended, and twelve months' incarceration for possession of drug paraphernalia, with six months suspended. The circuit court gave Lane credit for the time he served after his bond was revoked. This appeal followed.

## ANALYSIS

### A. *Possession of Controlled Substance*

Lane challenges the sufficiency of the evidence to prove that he knowingly and intentionally possessed a controlled substance. "In reviewing a challenge to the sufficiency of the evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (*en banc*)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). "This familiar standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence,

- 4 -

and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, we will affirm the judgment of the trial court unless that judgment is 'plainly wrong or without evidence to support it.'" *Id.* (quoting *Kelly*, 41 Va. App. at 257).

Code § 18.2-250 provides, "[i]t is unlawful for any person knowingly or intentionally to possess a controlled substance . . . ." Heroin is listed as a Schedule I controlled substance. Code § 54.1-3446. "In order to convict a person of illegal drug possession, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." *Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020) (citing *Jones v. Commonwealth*, 17 Va. App. 572, 574 (1994)). Furthermore, "'the Commonwealth must also establish that the defendant intentionally and consciously possessed the drug *with knowledge of its nature and character*. That knowledge is an essential element of the crime.'" *Christian v. Commonwealth*, 59 Va. App. 603, 608 (2012) (quoting *Young v. Commonwealth*, 275 Va. 587, 591 (2008)); *see also Young*, 275 Va. at 592 ("[P]ossession alone, without more, is insufficient to support an inference of guilty knowledge[.]"). "Such knowledge may be shown by evidence of the acts, statements or conduct of the accused." *Young*, 275 Va. at 591. "Other circumstantial evidence may also support a finding of a defendant's knowledge of the nature and character of the substance in his possession, such as the drug's distinctive odor or appearance, or statements or conduct of others in his presence that would tend to identify it." *Id.*

Lane relies on his testimony that Culpepper gave him a "clear baggy" and that he did not see the contents of the bag, but he placed it outside of the vehicle for police to find. The record, however, demonstrates that there was sufficient evidence for a rational trier of fact to conclude that Lane possessed the drug with knowledge of its nature and character. No witness, other than Lane, claimed that the items were stored in a bag. Even if the cut soda can bottom was in a bag initially, the testimony of Vose and the officers supports that Lane removed it from the bag before he placed it on the ground and it was not covered in a way that completely concealed its distinctive characteristics. Vose observed Lane retrieve the soda can bottom, then wrapped in tissue, from the inside of the vehicle. Without anyone removing the tissue, it separated from the soda can bottom while Lane retrieved the syringe from the vehicle and began to walk away from the scene. When Officer Sivels returned to the scene, he saw the soda can bottom and "knew, obviously, what it was"—he could tell the can was burnt and appeared to have heroin residue on the inside. That Lane placed the syringe on the ground with the burnt soda can suggests that he knew the items belonged together. At the scene, Lane told Officer Land that he "got the syringe and tin can" and "placed it outside the vehicle before walking away." Lane's removal of the soda can bottom and syringe from the vehicle, considered with his fear of being caught with them, flight from the scene of the stop, and credibility issues, were sufficient for the circuit court to conclude that Lane was aware that the soda can bottom contained a controlled substance.

Lane also complains that the circuit court's finding that he knew the object contained something "illegal" and "contraband" falls short of a finding that he knew the object contained a "controlled substance." We have explained, however, that "[w]hen the illegal nature of the substance is apparent—as it is here—that circumstance supports a finding of the defendant's guilty knowledge of the contraband he possesses." *Christian*, 59 Va. App. at 611.

- 6 -

Lane argues that the circuit court made an impermissible "inference upon an inference," by first inferring that he knew the items were "contraband" and then inferring that he knew the contraband was a "controlled substance." We disagree. "[A]ll facts proved in a case, whether by direct *or* circumstantial evidence, 'may serve as the basis from which further inference of fact may be drawn.'" *Johnson v. Commonwealth*, 15 Va. App. 73, 77 (1992) (quoting *Chesapeake & Ohio Ry. Co. v. Ware*, 122 Va. 246, 257 (1918)). "[T]he evidence presented must establish a fact . . . before that fact may serve as a basis for inference." *Id.* Here, Lane admitted that he knew the items he removed from the car were "bad." The circuit court considered the totality of the circumstances which support a finding that Lane knew the burnt soda can bottom contained a controlled substance; it did not rely on inferences "unsupported by the evidence" or that are "extremely attenuated." *Id.*

Notwithstanding his knowledge of the heroin, Lane argues that the circuit court erred by finding that he intended to possess the heroin because the evidence shows that he removed it from his possession once it was thrown onto his lap and moved it "to a clearly visible location for the approaching authorities to find."[2] The circuit court "was at liberty to discount [Lane's] self-serving statements as little more than lying to conceal his guilt and could treat such prevarications as affirmative evidence of guilt." *Sierra v. Commonwealth*, 59 Va. App. 770, 784 (2012) (quoting *Armstead v. Commonwealth*, 56 Va. App. 569, 581 (2010)). Furthermore, Lane's own testimony indicates that his motive for moving the heroin was not to assist law enforcement, but rather because he "didn't want them to find out where [he] was sitting" or get

---

[2] Lane adds that his physical possession of the items was "momentary and fleeting." However, "[p]hysical possession giving the defendant 'immediate and exclusive' control [of a controlled substance] is sufficient." *Gillis v. Commonwealth*, 215 Va. 298, 301-02 (1974). "The duration of the possession is immaterial[.]" *Id.* at 302.

caught with it.  The circuit court was not plainly wrong in finding that Lane intended to possess the heroin when he removed it from the vehicle.

"By finding a defendant guilty . . . the factfinder has found by a process of elimination that the evidence does not contain a reasonable theory of innocence."  *Ray v. Commonwealth*, 74 Va. App. 291, 308 (2022) (quoting *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017)). "The rejection of a hypothesis of innocence 'is binding on appeal unless plainly wrong . . . .'" *Ervin v. Commonwealth*, 57 Va. App. 495, 519 (2011) (*en banc*) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 13 (1997)).  For the foregoing reasons, we will not disturb the circuit court's ruling convicting Lane of possession of a controlled substance.

### B.  Sentencing

Lane argues that the circuit court abused its discretion by sentencing him to a total sentence of ten years and twelve months for minor criminal conduct because the sentence failed to account for mitigating factors, including his 2010 traumatic brain injury.  "We review the trial court's sentence for abuse of discretion."  *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Du v. Commonwealth*, 292 Va. 555, 563 (2016).  "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case."  *Id.*  "A Virginia trial court 'clearly' acts within the scope of its sentencing authority 'when it chooses a point within the permitted statutory range' at which to fix punishment."  *Id.* at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771 (2007)).  "Consequently, 'when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'"  *Id.* (quoting *Alston*, 274 Va. at 771-72).

The weight to assign to any mitigating factors Lane presented at sentencing was within the circuit court's purview. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against Lane's mitigation evidence were substantial factors in aggravation. The circuit court found that Lane had a long criminal history, much of which accumulated before his claimed traumatic brain injury. Moreover, the majority of the active incarceration the circuit court imposed in its sentence was for Lane's felony failure to appear—the circuit court noted that Lane's record includes numerous failure to appear convictions, dating back to 1988, well before his claimed traumatic brain injury.

The sentences the circuit court imposed were within the ranges set by the legislature. As Lane's sentence did not exceed the maximum penalties set forth by statute, it will not be overturned as an abuse of discretion. *Du*, 292 Va. at 564.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.

Callins, J., concurring in part, dissenting in part.

There is no doubt that Lane physically possessed a cut up tin can that contained heroin residue. But the conviction can only stand if the Commonwealth proved beyond a reasonable doubt that Lane was aware he possessed a controlled substance. *See Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020). Mindful of the standard of review, I must conclude that, even after viewing the evidence in the light most favorable to the Commonwealth, no evidence supports the trial court's finding that Lane knew the can bottom contained a controlled substance.[3] *See Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018). Thus, I would reverse and vacate the conviction for possession of a controlled substance in violation of Code § 18.2-250.

The facts establish that Lane knew he was possessing something illegal when he held the can bottom wrapped in tissue. Lane admitted that he knew he was holding something "bad" and that he did not want to get caught with it. A witness saw Lane remove the tissue-wrapped can bottom and syringe from the car. On those facts, the majority holds that because the illegal nature of the object was "apparent" to Lane, he must have known that he possessed an object containing a controlled substance. I disagree because possession of an illegal object and possession of a controlled substance are not always the same. A person can illegally possess drug paraphernalia without possessing a controlled substance.

The Commonwealth's theory of the case relied on establishing that Lane saw and recognized the drug residue in the can bottom. At trial, the evidence established that the can bottom was wrapped in a tissue while Lane was holding it and that the tissue around the can bottom separated from the can only after Lane had placed it on the ground and while he was

---

[3] The liquid in the syringe was never tested to determine whether it was a controlled substance, so the trial court could not have based its finding on the syringe. On appeal, the Commonwealth urges us to find that the liquid in the syringe was a controlled substance. But it is not our role to make factual determinations. *See Harris v. Commonwealth*, 39 Va. App. 670, 676 (2003).

- 10 -

retrieving the syringe and walking away from the car. The majority found it notable that, after the tissue separated from the can, an officer could tell that the can was burnt and contained drug residue. But the Commonwealth never proved that Lane looked at the can bottom after the tissue separated from it, and that fact would be necessary to connect the officer's observations to an inference that Lane also identified the drug residue. *See Case v. Commonwealth*, 63 Va. App. 14, 22 (2014) ("The fact finder . . . is entitled to draw inferences from proved facts . . . .").

Even viewing the evidence in the light most favorable to the Commonwealth, the evidence does not establish that final link. It does not show, nor tend to show, that Lane knew the can bottom contained drug residue because the only proven facts established that the can was wrapped in a tissue the entire time Lane possessed it. The trial court could not have found that the residue was apparent to Lane based on an officer's testimony that, once the tissue separated from the can, the drug residue was "obvious" to the officer.[4] And we are not bound by findings unsupported by the evidence. *See Green v. Commonwealth*, 72 Va. App. 193, 199 (2020).

Because the Commonwealth did not present other evidence to show that Lane knew the can bottom contained drug residue, I must conclude that the evidence was insufficient to show that Lane knowingly possessed a controlled substance in violation of Code § 18.2-250. Without his knowledge of his possession of a controlled substance, Lane could not intend to possess the controlled substance, and thus Lane could not have violated Code § 18.2-250. I respectfully dissent from that portion of the majority's ruling.

I concur with the majority's conclusion that Lane's sentences for his other two charges were not an abuse of discretion.

---

[4] There is nothing in the record establishing Lane had the knowledge, ability, or expertise to identify a controlled substance.